FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2019 JAN 29 PM 4: 22

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA )
)
v. ) CASE NO. CR418-205
)
CALVIN JAMES, )
)
     Defendant. )
_____ )

# ORDER

Before the Court is the Government's Notice to Introduce Other Act Evidence and to Impeach with Criminal Acts and Convictions. (Doc. 38.) The Government filed its Notice stating that it intends to introduce at trial prior convictions of Defendant James both in its case-in-chief and for cross-examination pursuant to Federal Rule of Evidence 404(b). (Id. at 2.) The Government intends to introduce in its case-in-chief under Rule 404(b) and cross-examine Defendant about a conviction for possession of a firearm by a convicted felon on March 24, 2011 in the Superior Court of Chatham County and a conviction for fleeing or attempting to elude a police officer on December 1, 2004 in Chatham County Recorder's Court. (Id.) The Government also intends to cross-examine Defendant regarding a conviction for theft by receiving stolen property on May 19, 2005 in the Superior Court of Chatham County. (Id.)

This Court finds that the March 24, 2011 conviction for possession of a firearm by a convicted felon in the Superior Court of Chatham County is **ADMISSIBLE** and it may be introduced in the Government's case-in-chief. However, in regards to the other convictions, this Court cannot find that these convictions are admissible. The indictment in this case contains one count for possession of a firearm by a prohibited person. (Doc. 1.) The factual background of this case is sparse and the Government's motion does not provide specific details outlining the purposes for which these convictions are intended to be offered. The Government recites the standard language from the Federal Rules of Evidence that it intends to introduce "the above convictions as proof of opportunity, intent, knowledge, and absence of mistake or accidence" and that the similarity between the prior acts and the current acts is "relevant to establish knowledge, absence of mistake and intent of the current act." (Id. at 3.) The Government does not explain **why** it believes these convictions are relevant and the Court fails to understand why the conviction for fleeing or attempting to elude a police officer that took place over fourteen years ago should be admissible. This Court has the same concerns involving the conviction for theft by receiving stolen property on May 19, 2005. Accordingly, the conviction for fleeing or attempting to elude

2

a police officer on December 1, 2004 in Chatham County Recorder's Court and the conviction for theft by receiving stolen property on May 19, 2005 in the Superior Court of Chatham County are **INADMISSIBLE** in the Government's case-in-chief. However, if Defendant elects to testify, the Government may cross-examine Defendant about these prior convictions pursuant to the Federal Rules of Evidence. Additionally, should Defendant offer evidence that he was not the individual that committed the crimes for which he was convicted, then the Government may introduce these convictions as permitted under the Federal Rules of Evidence.

SO ORDERED this 29th day of January 2019.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA