# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| CALVIN B. JAMES, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | CV421-167 |
| | ) | CR418-205 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

*Pro se* movant Calvin James was convicted of one count of possession of a firearm by a prohibited person in 2019. *See* doc. 67 at 1 (Judgment).[1]  He was sentenced to 120 months of imprisonment and a three-year term of supervised release. *Id.*  His conviction was affirmed. Doc. 104; *see also United States v. James*, 831 F. App'x 442 (11th Cir. 2020).  On June 2, 2021, James moved to vacate his conviction pursuant to 28 U.S.C. § 2255, asserting seven grounds. *See* doc. 124.  Since then,

---

[1] The Court cites to the criminal docket in CR418-205.

James has filed numerous items which have impeded the Court's ability to manage its docket and reach the merits of his claims.

In November 2021, the District Judge construed a procedurally ambiguous motion James filed as a motion to amend his pending § 2255 motion. *See generally* doc. 131. James appealed that Order. *See* doc. 135. The appeal was dismissed, *sua sponte*, because the Court of Appeals lacked jurisdiction over the non-final order. *See* doc. 142 at 1-2. James then filed a "Motion Proceeding to Challenge Constitutionality of an Act of Congress," which challenged § 2255's lack of a mandatory schedule. *See* doc. 147 at 1. The Court directed the Government to respond to James' § 2255 motion. *See* doc. 148 at 1-2. Before the Government's response was due, James filed two more motions "Proceeding to Challenge the Constitutionality of an Act of Congress." Docs. 151, 152. The Government moved to dismiss James' § 2255 motion, doc. 150, and James filed an objection to the motion to dismiss, doc. 153.

James then filed a Motion for Evidentiary Hearing, doc. 154, a Motion for Release Pending Appeal, doc. 155, and other miscellaneous challenges, requests, and other papers. *See, e.g.*, doc. 157, 158, 160, 161, 165. Relevant here, James has filed numerous Motions to Amend and

"notices" to amend. *See* docs. 162, 170, 175, 176, 177, 178, 179, 181. Respondent has not responded to several of his motions to amend, nor has it had time to do so given the limited period between James' filing them. *Compare* doc. 175 (dated "Aug. 2023," filed September 1, 2023), *with* doc. 176 (not legibly dated but received the same day). Indeed, though many of his filings are not dated, the Court received three Motions to Amend on September 1, 2023, and then another three filings on September 15, the same day that the Respondent's response to the first batch was due and timely filed. Docs. 174, 175, 176, *see also* doc. 177, 178, 179, and 180.

James challenges the Government's burden of proof on charges of possession of a firearm by a prohibited person, pursuant to 18 U.S.C. § 924(g), and the statutory sentencing provisions under that Section. *See id.* at 1. In response to one of James' challenges to the constitutionality of § 922(g), the Government volunteered that "[t]o whatever extent this Court may be inclined to interpret James's request as a motion to amend his motion to vacate by adding a challenge to the constitutionality of section 922(g), the government does not oppose such amendment[,]" but "reserves its right to oppose any such challenge on all available bases,

substantive and procedural." Doc. 149 at 1. However, the Court is unable and unwilling to comb through James' filings to determine whether this request seeks formal amendment to the grounds originally asserted to add such a claim. The Eleventh Circuit has recently "expressed deep concern over the piecemeal litigation of federal habeas petitions and instructed district courts to resolve all claims for relief in habeas corpus and § 2255 petitioner." *Mayer v. United States*, 2022 WL 17986157, at *1 (11th Cir. Dec. 29, 2022) (internal quotation marks and citations omitted). Pursuant to that concern and instruction, "[m]ovants must present a claim in clear and simple language such that the district court may not misunderstand it." *Id.* (internal quotation marks and citations omitted).

The problem created by James' filings is not that they are substantively unclear. The problem is that his erratic filing style is a bombardment upon the Court which impedes its ability to review his claim or for the Respondent to properly dispute it. Moreover, the totality of grounds asserted cannot be discerned because they are not cohesively or legibly asserted.[2] Indeed, filing repetitive amendments will not speed

---

[2] James is known to this Court for his vexatious litigation tactics. *See, e.g., James v. United States District Court*, 2022 WL 17980488, at *1 (S.D. Ga. Nov. 17, 2022) (James "is well known to this Court

4

the Court's review but will instead delay it. To ensure that all of James' grounds are clearly presented so that this Court may adequately review them, James must consolidate his requests.

James is instructed to file two documents. First, he must file **one single** motion to Amend, captioned "Motion to Amend § 2255 Motion." Second, James must also include a proposed Amended § 2255 Motion. That proposed Amended Motion must be prepared using the standard § 2255 motion form. The Clerk is **DIRECTED** to include a blank copy of the standard form, Form AO 243, for James' convenience. That document must list **every** ground that James wishes to assert. Moreover, to facilitate consideration of the propriety of the requested amendment, to the extent that James contends that any of the grounds asserted were presented already, he must specifically identify the document that first presented them, by docket number. James is forewarned, he must include all allegations in the proposed Amended § 2255 Motion, as it will

---

and has filed numerous frivolous cases . . ."), *adopted* 2022 WL 17979757 (S.D. Ga. Dec. 28, 2022). While the Court does not find any of his filings in this case improper, he must rein in his filings, or the Court will be unable to resolve his Motion to Vacate.

supersede his prior attempts to alter his prior § 2255 motions. The Clerk is **DIRECTED** to include a copy of the docket for James' convenience.

James is **DIRECTED** to submit these two documents: his Motion to Amend and proposed Amended § 2255 Motion by no later than February 6, 2024. The Government shall then have fourteen days to respond to his forthcoming Motion to Amend. During that time, James may not seek further amendment of his § 2255 Motion. If, after Response from the Respondent is reviewed, the Court permits James to amend his § 2255 Motion, the Court will set a deadline for the Government to respond to that Amended Motion.

Since James is afforded an opportunity to consolidate his requests, and the Government will have an opportunity to respond to all his proposed amendments, several of the pending motions are moot. First, the Court construes the following motions as requests to amend: doc. 151 (challenging mandatory special assessment in sentence) and doc. 152 (challenging 18 U.S.C. § 922(g)). *See also*, doc. 161 ("Notice" challenging 18 U.S.C. § 922(g)). Since those requests are moot, the Clerk is

**DIRECTED** to **TERMINATE** those motions, as well as his self-titled Motions to Amend, doc. 162, 170, 175, 176, and 177.

James has also moved for "release pending appeal." Doc. 155. The Government opposes, based upon the assumption that James seeks release pending resolution of his § 2255 motion. *See* doc. 156 at 1. The Court of Appeals has identified the specific and limited circumstances where a prisoner may be released pending a habeas proceeding. *See Gomez v. United States,* 899 F.2d 1124, 1125 (11th Cir. 1990). "A prisoner seeking release pending habeas corpus can be granted bail under two sets of circumstances: *first*, he must demonstrate a likelihood of success on the merits of a substantial constitutional claim; *second*, extraordinary and exceptional circumstances must exist which make the grant of bail necessary to preserve the effectiveness of the habeas corpus relief sought." *Id.* (citing *Calley v. Callaway*, 496 F.2d 701, 702 (5th Cir. 1974)). The Government argues that "James demonstrates neither special circumstances, nor a clear and readily evident entitlement to relief on the merits." Doc. 156 at 3. The Government is correct. James' Motion for Release is wholly conclusory, and relies on 18 U.S.C. § 3143(b), which is not applicable after an appeal. *Cf. Cherek v. United States*, 767 F.2d 335,

7

337 (7th Cir. 1985) (Posner, J.) ("But [the federal statute governing bail for persons accused of federal crimes] is inapplicable to a convicted defendant who is seeking postconviction relief . . . ."). James' Motion is, therefore, **DENIED**. Doc. 155.

James has also filed a document titled "Motion for an Unbiased Precedented Decision." Doc. 160. It asserts that it is based on "Fed R. App. P. 27," which is the Rule of Appellate Procedure governing motions and does not apply in the trial court. *See* Fed. R. App. P. 27. Substantively, the Motion objects to what James considers an inappropriate delay in screening his § 2255 Motion. Doc. 160 at 1. "District courts have unquestionable authority to control their own dockets[,]" which "includes broad discretion in deciding how best to manage the cases before them." *Smith v. Psych. Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014). It, therefore, identifies no factual basis for relief. Accordingly, it is **DENIED**. Doc. 160.

James has also moved for several "status reports," docs. 167 and 168, in part. The Court disposed of one of these requests on the civil docket, *see* CV421-167, doc. 2, but it remains pending on the criminal docket. Since this Order provides James with a full recitation of the

8

"status" of the proceedings on his § 2255 Motion, those requests are moot. *See* Doc. 167 and doc. 168, in part.  The Court **DIRECTS** the clerk to terminate doc. 168 given its prior disposition on the civil docket, *see* CV421-167, doc. 15, and Doc. 167 is **DISMISSED** as moot.  James has also requested an "evidence hearing."  Doc. 154 and doc. 168, in part. However, the Government has moved to dismiss his Motion.  Doc. 150. The Rules Governing Section 2255 Proceedings contemplate an evidentiary hearing only "[i]f the motion is not dismissed . . . ."  Rule 8(a), Rules Governing Section 2255 Proceedings.  His requests are, therefore, premature.  They are **DENIED**, with leave to refile, subject to his compliance with this Order and the disposition of the Government's Motion to Dismiss, doc. 150.  Doc. 154.

Although, as discussed above, several of James' "motions" asserting constitutional challenges appear to be attempts to assert additional grounds for § 2255 relief, one of them challenges the constitutionality of § 2255 itself.  *See* doc. 147.  He contends that, because § 2255 "has no mandated order for respondent to respond . . . [or an] allotted time frame for . . . [the] motion to be scheduled for a hearing," which "leaves room for a miscarriage of justice and prejudiced use of discretionary power . . .,"

9

the statue violates the Eighth and Fourteenth Amendments. *Id.* He states that his request is "per 28 U.S.C. § 2403(a)," but does not otherwise request any relief. *Id.* Section 2403, however, is a procedural provision allowing the United States to intervene in actions where it is not a party to defend the constitutionality of federal statutes. *See* 28 U.S.C. § 2403. In the absence of any requested relief, James' constitutional speculations do not present a justiciable controversy and thus this request is also **DENIED**. Doc. 147.

In summary, the Clerk is Directed to **TERMINATE** James' doc. 151, 152, 162, 168, 170, 175, 176, and 177. Docs. 147, 154, 155, and 160 are **DENIED**. Doc. 167 is **DISMISSED** as moot. The Clerk is **DIRECTED** to include a blank copy of Form AO 243 and a copy of the docket for James' convenience, to be mailed to James with this Order.

**SO ORDERED,** this 11th day of January, 2024.

                                              *[signature]*
                                       CHRISTOPHER L. RAY
                                       UNITED STATES MAGISTRATE JUDGE
                                       SOUTHERN DISTRICT OF GEORGIA