IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| CALVIN B. JAMES, | |
| Petitioner, | CRIMINAL ACTION NO.: 4:18-cr-205 |
| v. | |
| THE UNITED STATES OF AMERICA, | |
| Respondent. | |

**O R D E R**

Presently pending before the Court are Movant Calvin James' "Motion for Sentence Reduction," (doc. 199), "Request for Relief," (doc. 209), "Motion to Inhibit Recidivism," (doc. 210), "Motion for Cares Act Sentence Reduction," (doc. 213), "Motion for Habeas Corpus" (doc. 214), and "Motion for Sentence Reduction Per 'Second Chance Act,'" (doc. 218).  Respondent filed various responses, (see docs. 211, 212 & 215), and additionally "ask[ed] this Court to excuse it from responding to any more of James' motions unless this Court specifically orders a response." (Doc. 215, p. 1.)  Movant also filed two documents in the companion civil case ostensibly seeking to amend his Motion to Vacate and for a status report.  See James v. United States of America, 4:21-cv-167, docs. 91 (S.D. Ga. Nov. 19, 2024); see also id., doc. 92 (S.D. Ga. Dec. 2, 2024).

**I.    PROCEDURAL HISTORY**

James was convicted in this Court on January 31, 2019, (doc. 57), and sentenced on April 8, 2019, (doc. 67).  He lost his direct appeal.  (Docs. 104, 105); see also United States v. James,

831 F. App'x 442 (11th Cir. 2020) (per curiam). Even before the appeal opinion was docketed, James began to collaterally attack his conviction and sentence, and his efforts continue. (See, e.g., docs. 75, 98, and 99; see also docs. 124, 128, 175, 176, 178, 179 & 197.) This Court already directed James to consolidate "every ground" he asserted within one document, instead of filing piecemeal pleadings and cases. (See doc. 183, p. 5.) Although James did not comply with the Court's Order, he filed documents asserting grounds which the Court charitably construed as supporting a Motion to Vacate under § 2255. (Doc. 196, pp. 8–20.) In the Magistrate Judge's Recommendation reviewing those grounds, the Court noted that James is a serial filer who frequently seeks release from prison "based upon his own misunderstanding of criminal procedure," and "even though he has been informed of why his arguments fail, he continues to pursue them." (Id. at p. 3; see also id. at p. 4 (noting that James has filed at least 30 cases in this district).) Nevertheless, the Court has repeatedly reviewed James' arguments, finding they are meritless. (See, e.g., id. at pp. 9–23.) On another occasion, the Magistrate Judge noted that James' erratic filing style is a bombardment upon the Court which impedes its ability to review his claim and Respondent's ability to properly dispute it. (Doc. 183, p. 4.)

James' first motion to reduce sentence since the Court's most recent disposition, (doc. 199), entitled "Motion to Apply Sentence Reduction," argues that, because his § 922(g) offense is nonviolent, the Undersigned "must and will correct sentence for new statutory effects," which James characterizes as requiring he only serve 65% of his sentence. (Id. at p. 1.) His next filing seeks review of his sentence based upon "November 2023 Sentence Adjustments," (doc. 209, p. 1), argues that "§ 922(g) has been classified as unconstitutional and vague by U.S. Supreme Court," (id. at p. 2), and, as he has asserted many times before, argues that the search which led to

his arrest and conviction violated the Fourth Amendment, (id. at p. 3). He then filed a Motion for "Cares Act Sentence Reduction," arguing that, "[a]ccording to the 'Cares Act' for COVID-19 suffrage inmates . . . are to get (1yr) 12 months deducted from [their] sentence." (Doc. 213.) James then filed his twelfth Motion to Vacate (including each of his attempted amendments) pursuant to 28 U.S.C. § 2255, repeating his request that the Court reexamine the sufficiency of the evidence against him on his possession charge. (Doc. 214.)

James' next filing takes a different approach, complaining that his "reentry goals have not and as implied can not be achieved while continuously confined," and thus he requests the Court intervene as to his incarcerated employment opportunities. (Doc. 210.) In a later filing, (doc. 218), he argues that the "Second Chance Act" mandates that all adults in custody are eligible to receive a "conditional transition to community date" after the Second Chance Act is correctly applied. James asks that the Second Chance Act eligibility be applied to his sentence. (Id.) Most recently, James filed a "Motion to Amend," which, because he claimed it was to be attached to "habeas corpus num: CV421-167," was docketed in that case. See James v. United States, 4:21-cv-167, doc. 91, p. 1 (S.D. Ga. Nov. 19, 2024).

II.  **DISCUSSION**

James' Motion to Vacate repeats his arguments regarding the sufficiency of the evidence for his possession of a firearm conviction. (Doc. 214, p. 1 ("I ask the Courts to examine the elements to all means of poss. <actual, constructive, joint, sole> and how eye witness testimony prove each means to sustain conviction.").) This Court already disposed of James' § 922(g) and sufficiency of the evidence arguments when it denied James' Motion to Vacate. (See docs. 196 & 203). His present Motion to Vacate is, therefore, successive. "Before a second or successive

3

[§ 2255 motion] . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in § 2244 . . . ."). "Without authorization, the district court lacks jurisdiction to consider a second or successive petition." Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003) (citing Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997)). Because James' Motion is successive and was not authorized by the Court of Appeals, it is **DISMISSED**.[1] (Doc. 214.)

As to James' requests for early release based on a "new statute," (docs. 199 & 209), the Court already determined that James was not entitled to compassionate release under 18 U.S.C. § 3582(c)(1)(A), in part because James had not claimed he exhausted his administrative remedies, as required under the statute. (Doc. 134, p. 3.) Additionally, the Court found that James' circumstances were not "extraordinary and compelling reasons for compassionate release," as defined by statute, and thus, on December 6, 2021, his Motion for Compassionate Release, (doc. 129), was denied. (Doc. 134, pp. 4–5.) Effective November 1, 2023, the U.S. Sentencing Commission amended the guidelines to expand what qualifies as an "extraordinary and compelling reason[ ]" to warrant a reduction under 18 U.S.C. § 3582(c)(1)(A)(i). These amendments expanded the scope of "extraordinary and compelling reasons" to grant compassionate release to include "unusually long sentences," when the defendant has already served 10 years of his or her sentence. United States v. Ware, 720 F. Supp. 3d 1351, 1357 (N.D. Ga. 2024) (citing U.S.S.G. § 1B1.13(b)(1)–(6)). Given James was convicted almost six years ago, he does not qualify for

---

[1] The Clerk is **DIRECTED** to enter this Order in James v. United States, 4:24-cv-234 and close that case.

this section. Even if he did, there is still no indication that he has exhausted his administrative remedies, as required even under the new guidelines. 18 U.S.C. § 3582(c)(1)(A). Thus, his Motion for Sentence Reduction and his "Request for Relief," (docs. 199 & 209), are **DENIED**.

James' next set of filings seeks Court intervention as to his housing. (Docs. 210 & 218). The Respondent argues that the "district court does not have the authority to dictate whether a sentence is to be served in prison or in home confinement." (Doc. 212, p. 1 (quoting United States v. Witt, 43 F.4th 1188, 1197 (11th Cir. 2022).) Indeed, district courts only "impose a *term* of imprisonment." 18 U.S.C. § 3582(a) (emphasis added). "The implementation of [that sentence] is governed by the provisions of subchapter C of chapter 229," id. § 3586, which states that, once a "person . . . has been sentenced to a term of imprisonment" by the court, the person "shall be committed to the custody of the Bureau of Prisons," id. § 3621(a). Once in the BOP's custody, "[t]he [BOP] shall designate the place of the prisoner's imprisonment." Id. § 3621(b). Designation of an inmate's place of confinement rests within the absolute discretion of the Bureau of Prisons. See United States v. Lewis, No. 4:18-CR-260, 2021 WL 203439, at *1 (S.D. Ga. Jan. 20, 2021) (collecting cases). While James references the "Second Chance Act," (doc. 218, p. 1), "nothing in that statute alters the BOP's discretion as to where it places prisoners." United States v. Gaines, No. 6:08-cr-012, 2020 WL 2561774, at *2 (S.D. Ga. May 20, 2020) (citing Vasquez v. Strada, 684 F.3d 431, 434 (3d Cir. 2012)); see also United States v. Calderon, 801 F. App'x 730, 732 (11th Cir. 2020) ("The proper process for Calderon to seek relief was to file a request with the Warden . . ."). Indeed, although 18 U.S.C. § 3624(c)(1) directs the BOP, to the extent practicable, to ensure that a defendant spends a portion of the final months of his custodial sentence (not to exceed 12 months), under conditions that will give the defendant a reasonable opportunity to adjust

to and prepare for reentry into the community, James' request is not yet ripe as there are still several years pending on James' sentence until his release date. See 18 U.S.C. § 3624(c)(1); 28 C.F.R. §§ 570.20(a), 570.21(a). Thus, his requests regarding re-entry and housing are **DENIED**. (Docs. 210 & 218.) James also seeks a 12-month reduction from his sentence pursuant to the "Cares Act." (Doc. 213.) He cites no support for the notion that "Covid-19 suffrage inmates" are entitled to such a sentence reduction, and the Court is unaware of any automatic reductions in existence under the Cares Act. Indeed, there are none. This request, (doc. 213), is also **DENIED**.

James next seeks relief from his criminal conviction by attempting to amend his "habeas corpus num CV421-167." See James v. United States, 4:21-cv-167, doc. 91 (S.D. Ga. Nov. 19, 2024). He requested the Clerk "attach motion[s] to habeas corpus num: CV421-167." Id. James also filed a "Request for Status Report" in that case. (Doc. 91.) This Court closed that case upon denying James' Motion to Vacate/Set Aside Sentence on April 23, 2024, and entered final judgment on that date. See James, 4:21-cv-167, doc. 85 (S.D. Ga. Apr. 23, 2024). James' attempts to file documents into that case, to the exclusion of the present and associated criminal case, is a nullity. Therefore, pursuant to the District's current policy, which mandates that § 2255 motions be publicly docketed in the criminal case exclusively, and consistent with the Order entered contemporaneously with this Order, James' Motion and Notice, (4:21-cv-167, docs. 91 & 92), shall be docketed in this case.

As to the merits of James' Motion to Amend, Federal Rule of Civil Procedure 15(a) instructs that leave of court to amend pleadings "shall be freely given when justice so requires." James' original § 2255 motion was denied by this Court, rendering case 4:21-cv-167 closed and

not properly subject to amendment. C.f., Jones v. United States, 304 F.3d 1035, 1043 n. 16 (11th Cir. 2002) (noting, in the context of a prisoner seeking to join an untimely filed § 2255 motion to a timely filed § 2255 motion, that because the petitioner's other § 2255 motion had been answered, decided by the district court, and by the appellate court, Rule 15(a) prevented it from being considered as an amendment to his first § 2255 motion); compare Davenport v. United States, 217 F.3d 1341, 1343 (11th Cir. 2000) (noting that the petitioner filed his amended claims while the original § 2255 motion was still pending before the magistrate judge); see also Whitaker v. City of Houston, Tx., 963 F.2d 831, 834-35 (5th Cir. 1992); Warren v. Garvin, 219 F.3d 111, 114 (2nd Cir. 2000) ("[T]he 'relation back' doctrine is inapplicable when the initial habeas petition was dismissed, because there is no pleading to which to relate back").  Moreover, because James already filed a § 2255 motion and seeks to amend his petition to add requests for the same relief based upon the same arguments he presented in his original motion, his claims are nothing more than another successive § 2255 motion for which he was required to obtain leave to file pursuant to 28 U.S.C. § 2255.  Therefore, James' Motion to Amend shall be denied upon its docketing in this case.  (4:21-cv-167, doc. 91.)  His "Request for Status Report" is also denied as moot upon its filing in this case.  (4:21-cv-167, doc. 92.)

Finally, Respondent also sought to be excused from filing responses to James' filings, which are obviously frivolous.  The Court will not direct Respondent as to how it defends its case, and therefore **DENIES** Respondent's request.  The Court notes that it has found Respondent's briefing beneficial for efficient resolution of James' ad hoc and irregular attacks on confinement, despite the frivolous nature of his requests.  On the other hand, the Court will not grant § 2255 relief to which James is not entitled.

### III. CONCLUSION

James' Motion to Vacate, (doc. 214), is **DISMISSED** as successive. His other motions, (docs. 199, 209, 210, 213 & 218), are **DENIED**. James' Motion to Amend, which is to be docketed in this case is **DENIED**, and his Motion for Status Report is **DENIED as moot**. (See James v. United States, 4:21-cv-167, docs. 91 & 92.) This case stands closed.

**SO ORDERED**, this 5th day of December, 2024.

_____
R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA